NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| Yanellys POMALES,<br><br>    Plaintiff,<br> v.<br><br>CAMDEN COUNTY METRO POLICE DEPARTMENT; COUNTY OF CAMDEN; OFFICER DIANA DEREN; OFFICER JAMES JONES; JOHN/JANE DOES 1-100, fictitious persons; ABC CORP. 1-100, fictitious entities,<br><br>    Defendants. | Civil No. 17-08084 (RBK/JS)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter is before the Court on the unopposed motion of the County of Camden, the Camden County Metro Police Department, Officer Diana Deren, and Officer Jason Jones (collectively, "Defendants") for summary judgment on Plaintiff Yanellys Pomales' claims under 42 U.S.C § 1983 and related state laws. (Doc. No. 24.) Defendants' motion is **GRANTED**.

**I. BACKGROUND**

The excessive force and related state law claims in this matter stem from a domestic incident between Plaintiff Yanellys Pomales and Alex Vega in Camden, New Jersey. (Defs.' SMF at ¶ 1.) The incident escalated after Plaintiff refused to return Vega's keys. (*Id.* at ¶ 2.) Officers Deren and Jones responded to the scene and ultimately arrested Plaintiff for resisting arrest and aggravated assault on a police officer. (*Id.* at ¶ 2.) Although Plaintiff's Complaint lacks many specifics, (Doc. No. 1 at Ex. A), Plaintiff claims that the officers used excessive force against her during the parties' interaction and broke two bones in her foot. (*Id.* at ¶ 9.)

1

Of course, what happened between the officers' arrival and Plaintiff's injury are crucial to resolving Defendants' motion.[1] But here, Plaintiff—who is represented by counsel—made two serious blunders that significantly impact the Court's assessment of those facts: (1) Plaintiff did not timely respond to Defendants' requests for admission under Federal Rule of Civil Procedure 36; and (2) Plaintiff did not respond to Defendants' summary judgment motion and Statement of Material Facts. (Doc. No. 24.) The consequences are discussed below.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of showing the absence of a "genuine issue of material fact." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If the movant makes this showing, the nonmovant must "point to concrete evidence in the record that supports each and every essential element of his case." *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995). The Court's role is not to weigh the evidence and decide the truth, but to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In making that decision, "[a]ll facts and inferences are construed in the light most favorable to the nonmoving party." *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998).

## III. DISCUSSION

Defendants are entitled to summary judgment based on Plaintiff's Rule 36 admissions. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992) ("We have . . . held that

---

[1] Plaintiff brings the following claims: excessive force under Section 1983 and the New Jersey Civil Rights Act (Count VI); a *Monell* claim against the Camden County Police and the County of Camden (Count VII); and a host of state law claims against Defendants, including assault (Count I), battery (Count II), intentional infliction of emotional distress (Count III), negligence (Count IV), and what appears to be a claim for punitive damages (Count V).

2

Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment."). Plaintiff's failure to file a Statement of Material Facts responsive to Defendants' further supports this result, as Defendants' factual averments are thus undisputed under Local Civil Rule 56.1. *See Gregory v. Home Retention Servs., Inc.*, No. 14-cv-5366, 2015 WL 3490092, at *5 (D.N.J. June 2, 2015) (finding that assertions deemed undisputed under Local Civil Rule 56.1 "further support[ed] the grant of summary judgment" in addition to Rule 36 admissions); *accord Wylie v. TransUnion, LLC*, No. 16-cv-102, 2017 WL 4386404, at *3 (W.D. Pa. Sept. 29, 2017).

Rule 36 sets forth the procedures for serving and responding to requests for admission. *See* Fed. R. Civ. P. 36. Failure to timely respond within 30-days of service results in the automatic admission of the matters requested. *See* Fed. R. Civ. P. 36(a)(3). Rule 36 admissions are "conclusively binding and cannot be countered by other evidence." *Campmor, Inc. v. Brulant, LLC*, No. 09-cv-5465, 2013 WL 12147616, at *2 (D.N.J. Apr. 30, 2013). "The only way that a party may undo the conclusive effect of a Rule 36 admission is to move the Court to withdraw or amend it." *Gregory*, 2015 WL 3490092, at *4 (citing Fed. R. Civ. P. 36(b)). Courts "have great discretion" in deciding such motions. *Certain Underwriters at Lloyd's of London v. Alesi*, 843 F. Supp. 2d 517, 532 (D.N.J. 2011) (noting considerations in assessing motion to amend or withdraw Rule 36 admissions).

Here, Defendants sent Plaintiff requests for admission during discovery on November 15, 2017. (Defs.' SMF at ¶ 5.) Even though the requests for admission clearly explained the consequence of not timely responding (Doc. No. 24-3 ("Cook Cert."), Ex. D-3. at ¶ G), Plaintiff failed to respond until February 28, 2018, over ninety days after service. (Defs.' SMF at ¶¶ 5–6.)

Under Rule 36, Plaintiff has thus conclusively admitted the following matters. On July 21, 2015, Plaintiff refused to provide Alex Vega with his car keys and continued to do so even after police arrived and asked her to return them. (Cook Cert., Ex. D-3, at ¶¶ 4–8.) Plaintiff then yelled and cursed at the officers, refused to cooperate with them, and eventually swung her fist at Defendant Deren. (*Id.* at ¶¶ 9–12.) As Deren informed Plaintiff that she was under arrest, Plaintiff walked backwards from Deren and kicked Deren's right knee. (*Id.* at ¶¶ 13–14.)

The undisputed facts as contained in Defendants' Statement of Material Facts further state that after Plaintiff kicked Deren, Deren and Defendant Officer Jones brought Plaintiff to the ground where Plaintiff was handcuffed and arrested. (Defs.' SMF at ¶ 2.) Plaintiff broke two bones in her foot from kicking Deren's knee. (*Id.*) Plaintiff also admitted, under Rule 36, that neither Deren nor Jones used excessive force on Plaintiff or punched, struck, kicked, or used any other force on her at any time. (Cook Cert. at Ex. D-3, at ¶¶ 17–25, 28–36.) Plaintiff similarly admitted that the Defendants had probable cause for their actions, acted reasonably, and that no Defendant is liable in this matter. (*Id.* at ¶¶ 40–46.)

The Court will hold Plaintiff to these admissions. Although Plaintiff responded to Defendants' requests for admission over ninety days after service, Plaintiff made no motion at any time to withdraw or amend her admissions as Rule 36 requires: not after the initial 30 days lapsed; not after Defendants' February 9, 2018 letter informing Plaintiff of her non-compliance and that the matters were deemed admitted; and not after Defendants' February 26, 2018 letter repeated the same to the Court. (Cook Cert., Ex. D-9, 5–8; *see also* Doc. No. 14.) As of this Opinion, over a year and two months have passed since the matters became admitted by default. Yet Plaintiff repeatedly did nothing.

In fact, Plaintiff continued to do nothing even after Defendants moved for summary judgment based in part on her admissions. *See Gregory*, 2015 WL 3490092, at *4. Defendants suggest that this is because Plaintiff is not serious about litigating this case, for she took no depositions, retained no experts, and pursued no *Monell* discovery. (Cook Cert., Ex. D-9, at ¶¶ 10–13.) That may be. But whatever the case, Plaintiff must now contend with her complete disregard for Rule 36—absent any communication, much less a motion, her admissions stand. *See Sec'y U.S. Dep't of Labor v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) (noting that "the District Court was correct to treat Kwasny's admissions as established fact" in granting summary judgment when "Kwasny never sought to amend or withdraw the admissions"); *Gregory*, 2015 WL 3490092, at *4 ("Under the plain terms of Rule 36(b), absent a formal motion for withdrawal or amendment, Plaintiff's admission stands."); *Warren v. Wells Fargo Bank, N.A.*, No. 15-cv-1067, 2017 WL 1133421, at *3 (W.D. Pa. Mar. 9, 2017) (holding plaintiffs to their Rule 36 admissions because plaintiffs "have not moved (formally or otherwise) to withdraw their admission").

Plaintiff's admissions resolve this case. No reasonable jury could find that the officers used excessive force under Section 1983 or the New Jersey Civil Rights Act, which are analyzed analogously. *See Gardner v. N.J. State Police*, No. 15-cv-08982, 2018 WL 5342715, at *15 (D.N.J. Oct. 29, 2018). This, in turn, defeats Plaintiff's *Monell* claims. *See Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."). Nor could a reasonable jury find Defendants liable for any asserted state law claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiff's claims. An Order shall issue.

Dated: 3/4/2019 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge